IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:08-cr-28 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **EXPEDITED EVIDENTIARY** |
| | ) | **MOTION FOR SENTENCING** |
| ADEKUNLE OLUFEMI ADETILOYE, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Nicholas W. Chase, Assistant United States Attorney, hereby moves this Court for ruling prior to sentencing on what types of foundational requirements the Court will require for sentencing evidence.

The United States is not asking the Court to make any rulings with respect to relevance, what constitutes "relevant conduct," applicability of the "rule on speciality," as those types of issues are more properly resolved as the Court reviews the evidence at sentencing. Instead, the United States asks the Court for a ruling on what is normally not an issue at sentencing -- evidentiary objections to foundation, hearsay, and the Confrontation Clause.

The United States intends to present almost all of its evidence at sentencing through its case agent, who currently resides in Alaska. Examples of the evidence (documents, information received verbally from victims, and recordings) are included on a list of evidence that is in discovery. Attached for the Court's convenience is Exhibit 1,

which is a summary of many of the exhibits obtained during the investigation.  Generally speaking, most of the evidence was gathered through the investigation from several banks, from over 100 commercial mail-receiving agencies (e.g., Mail Boxes Etc.), from Canadian officials by way of a Mutual Legal Assistance Treaty request, and state governmental agencies.  Normally, this type of information is freely admitted into evidence without objection.  In this case, however, Defendant's counsel informed the United States that they cannot stipulate to foundation issues for the evidence at sentencing.  The United States therefore requests guidance from the Court so that the United States can bring in additional witnesses as needed.

<u>Legal Support for Evidence at Sentencing</u>

The traditional policy regarding the range and nature of the information that may be considered by a sentencing judge is succinctly stated in 18 U.S.C.A. § 3661:  "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  It finds support as well in the Supreme Court's reasoning in <u>Williams v. New York</u>, 337 U.S. 241 (1949) and its comment there that:  "[M]odern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."  <u>Id</u>. at 247.  The Federal Rules of Evidence

incorporate this traditional position in Rule 1101(d), which provides that: "The rules (other than with respect to privileges) do not apply in … sentencing."

Inapplicability of the rules of evidence means, for one thing, that affidavits may be received at sentencing even though the defendant has no opportunity to confront or cross-examine the affiant.  So too, the sentencing court can consider other types of hearsay, whether contained in the presentence report or offered by the prosecution or defense.  The court may also consider testimony given at a trial even when the defendant was not a participant in that trial.

Evidence obtained in violation of the Fourth Amendment and thus barred from trial use may be considered at sentencing as well.  Statements elicited in violation of a defendant's Sixth Amendment right to counsel must be excluded, however, as are statements elicited in violation of the defendant's rights under the Fifth Amendment, at least from capital sentencing proceedings.  As the Court explained in Estelle v. Smith, 451 U.S. 454 (1981):  "Any effort by the State to compel respondent to testify against his will at the sentencing hearing would contravene the Fifth Amendment … . [T]he State's attempt to establish respondent's future dangerousness by relying on the unwarned statements he made to [a psychiatrist before trial] similarly infringes Fifth Amendment values."  Id. at 463.  Statements made in presentence interviews to probation officers need not be preceded by warnings, however, so that the rule in Estelle has not affected their use.

3

In sum, with the possible exception of privileged material, the basic approach, as stated in the official commentary to the United States Sentencing Guidelines, is that: "Any information may be considered, so long as it has 'sufficient indicia of reliability to support its probably accuracy.'" United States Sentencing Guidelines Manual § 6A1.3(a) cmt. (2010).

In this case, the United States intends to have the case agent explain how he obtained each piece of evidence through the course of his investigations, how he verified the information with the sources of information, and explain how the evidence is verified through other pieces of information. If this is not an acceptable form of establishing foundation, the United States requests pre-sentencing guidance from the Court.

Dated this 8th day of June, 2011.

                            TIMOTHY Q. PURDON
                            United States Attorney


By:   _/s/ Nicholas W. Chase_____
       NICHOLAS W. CHASE
       Assistant United States Attorney
       Quentin N. Burdick United States Courthouse
       655 First Avenue North - Suite 250
       Fargo, ND 58102-4932
       (701) 297-7400
       N.D. Bar Board ID No. 05361
       Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:08-cr-28 |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| ADEKUNLE OLUFEMI ADETILOYE, ) | |
| ) | |
| Defendant. ) | |

I hereby certify that on June 8, 2011, the following document:

EXPEDITED EVIDENTIARY MOTION FOR SENTENCING

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Mr. Richard Henderson
Federal Public Defender's Office
Fargo, ND

I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participants:


Dated: June 8, 2011          __/s/ Tanya L. Abraham_____
                             TANYA L. ABRAHAM
                             Office of United States Attorney